OPINION
{¶ 1} Appellant Rhassan Ross appeals his conviction for aggravated robbery and aggravated burglary on the basis that Appellee State of Ohio improperly commented on his post-arrest silence. Appellant also maintains that he received ineffective assistance of counsel. The following facts give rise to this appeal.
 {¶ 2} On the evening of Saturday, January 3, 2004, Robert Thomas and his friend, Aaron Mayo, were getting ready to go out for the evening. Appellant knocked on the front door of the residence where Mr. Thomas was staying, which is located at 521 Columbus, in the City of Canton. Mr. Thomas went to the door of the residence and looked through the peephole and saw a man named "Sonny" whom he had known for approximately six months. Since Mr. Thomas knew Sonny, he opened the door. Upon opening the door, Sonny and a masked man forced Mr. Thomas back into the residence. Both Sonny and the masked man demanded money.
 {¶ 3} Eventually, the masked man and Sonny forced Mr. Thomas to go upstairs to the bathroom where Mr. Mayo was located. Appellant and the masked man forced Mr. Thomas and Mr. Mayo to lay face down on the floor. The masked man watched over them while Sonny ran through the house looking for items to steal. While on the floor, the masked man hit Mr. Thomas twice with the gun. After approximately ten to twelve minutes, Sonny and the masked man left the residence. Prior to leaving, Sonny took money totaling approximately $1,700 from Mr. Thomas and Mr. Mayo.
 {¶ 4} The next day, Mr. Thomas and Mr. Mayo met with Detective Mark Kandel. Through his investigation, Detective Kandel learned that Sonny was Rhassan Ross. Detective Kandel prepared a photographic line-up. Although Mr. Thomas and Mr. Mayo both viewed the line-up, only Mr. Thomas positively identified appellant as the perpetrator. As a result, on March 27, 2004, appellant was arrested and charged with one count of aggravated robbery and one count of aggravated burglary. Appellant waived his preliminary hearing, in the Canton Municipal Court, and this matter was bound over to the Stark County Grand Jury.
 {¶ 5} On April 23, 2004, the Stark County Grand Jury indicated appellant on one count of aggravated robbery and one count of aggravated burglary. Appellant's trial commenced on June 21, 2004. Following deliberations, the jury found appellant guilty as charged. On June 28, 2004, the trial court sentenced appellant to a six-year prison term on the charge of aggravated robbery and a six-year prison term on the charge of aggravated burglary, to be served concurrently.
 {¶ 6} Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 {¶ 7} "I. The trial court committed plain error in allowing the prosecuting attorney to elicit testimony regarding the appellant's post-arrest silence.
 {¶ 8} "II. The appellant received ineffective assistance of counsel when his trial attorney failed to object when the prosecuting attorney elicited testimony regarding the appellant's post-arrest silence."
 I {¶ 9} In his First Assignment of Error, appellant contends he was denied the right to a fair trial when the prosecutor elicited testimony, from Detective Mark Kandel, about his post-arrest silence. We disagree.
 {¶ 10} This assignment of error challenges the following exchange between the prosecutor and Detective Kandel:
 {¶ 11} "Q. At any time did you speak with the Defendant in this case?
 {¶ 12} "A. No, I did not.
 {¶ 13} "Q. Did you ever attempt to interview him?
 {¶ 14} "A. The first contact that I had with the Defendant was at his original hearing when he was bound over. I had originally issued a warrant. He was picked up rather quickly on that warrant.
 {¶ 15} "Q. Did you get to speak to him at that hearing?
 {¶ 16} "A. He did not wish to speak to me at that time." Tr. Vol. II at 201-202.
 {¶ 17} Defense counsel did not object to Detective Kandel's statement that appellant did not wish to speak with him. Therefore, we must review this matter under a plain error analysis. In order to prevail under this type of analysis, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. State v. Long (1978), 53 Ohio St.2d 91, 95-96. Notice of plain error "is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus.
 {¶ 18} In Wainwright v. Greenfield (1986), 474 U.S. 284, the United States Supreme Court reaffirmed its holding in Doyle v. Ohio (1976),426 U.S. 610, stating "[i]n Doyle, we held that Miranda warnings contain an implied promise, rooted in the Constitution, that `silence will carry no penalty.'" Wainwright at 295, quoting Doyle at 618. The Wainwright
court stated that "[w]hat is impermissible is the evidentiary use of an individual's exercise of his constitutional rights after the State's assurance that the invocation of those rights will not be penalized."Wainwright at 295.
 {¶ 19} Upon review of the above testimony, we conclude the state did not purposely elicit the testimony at issue and the question as to whether Detective Kandel spoke to appellant, at the hearing, did not lead to a Doyle violation. Detective Kandel merely stated that appellant did not wish to speak to him. Detective Kandel did not testify that appellant had invoked his Miranda rights. Further, the question posed by the prosecutor was an isolated incident and the prosecutor immediately dropped this line of questioning. Finally, the prosecutor did not refer to Detective Kandel's testimony during closing arguments to suggest that appellant's silence was an inference of guilt.
 {¶ 20} Accordingly, the prosecutor did not prejudice appellant by eliciting this statement from Detective Kandel. As such, we conclude this matter does not rise to the level of plain.
 {¶ 21} Appellant's First Assignment of Error is overruled.
 II {¶ 22} Appellant contends, in his Second Assignment of Error, that he received ineffective assistance of counsel when defense counsel failed to object to Detective Kandel's comment regarding appellant's post-arrest silence. We disagree.
 {¶ 23} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Strickland v. Washington (1984), 466 U.S. 668;State v. Bradley (1989), 42 Ohio St.3d 136.
 {¶ 24} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 25} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel. State v. Carter (1995), 72 Ohio St.3d 545, 558, citing Lockhartv. Fretwell (1993), 506 U.S. 364, 370.
 {¶ 26} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Bradley at 143, quotingStrickland at 697. We previously determined, in appellant's First Assignment of Error, that appellant did not suffer any prejudice as a result of the statement the prosecutor elicited from Detective Kandel. Therefore, because appellant was not prejudiced by counsel's performance, he cannot establish that he was denied effective assistance of counsel.
 {¶ 27} Appellant's Second Assignment of Error is overruled.
 {¶ 28} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Wise, J., Farmer, P.J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to Appellant.